THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK J. FISCHER,<br><br>   Plaintiff,<br><br>   v.<br><br>DANIEL GRIFFITH, et al.,<br><br>   Defendants. | CASE NO. C10-0106-JCC<br><br>ORDER |

The Court, having reviewed Plaintiff's Amended Complaint (Dkt. No. 10), the Report and Recommendation of U.S. Magistrate Judge Mary A. Theiler (Dkt. No. 42), Plaintiff's objections (Dkt. No. 44), and the remaining record, adopts the Report and Recommendation.

## I.    BACKGROUND

Plaintiff is an inmate at Monroe Correctional Complex (MCC). He alleges that Defendant Griffith—the only named defendant here—and other correctional officers at MCC knew that another inmate planned to assault Plaintiff but did nothing to prevent the attack, which occurred on November 20, 2007. (Dkt. No. 10 at 2, 6, 7.) Plaintiff was hospitalized as a result of the attack and was placed in administrative segregation as a security measure on his return to MCC.

Plaintiff filed this action under 42 U.S.C. § 1983 in January 2010. Defendant Griffith moved for summary judgment in April 2011, arguing that Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. §

1997e(a). Defendant Griffith also asserted qualified immunity and argued that Plaintiff failed to raise a genuine issue of fact as to essential elements of his claim. Judge Theiler recommends construing the motion for summary judgment in part as a motion to dismiss, *see Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), and dismissing the action for failure to exhaust administrative remedies available in prison. (Dkt. No. 42.) Plaintiff submitted objections to Judge Theiler's Report and Recommendation. (Dkt. No. 44.)

## II.   DISCUSSION

The Court must make a de novo determination of those portions of a magistrate judge's report or recommendations to which a party objects. 28 U.S.C. § 636(b)(1).

Plaintiff objects to the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies. Plaintiff argued in opposition to summary judgment that he had been told by a prison grievance coordinator during a review of his administrative segregation that the assault was not "grievable." (Dkt. No. 33 at 2-3.) In rejecting that argument, the Magistrate Judge noted not only that the record undermined Plaintiff's allegation but also that "nothing about the administrative segregation review process restricts an inmate from exercising his right to file a grievance about the conduct of a correctional officer or another inmate." (Dkt. No. 42 at 7.) Plaintiff now objects that the Court "does not look to the Administrative Segregation Review Process to determine the failure to exhaust issue, it looks to the Grievance Process." (Dkt. No. 44 at 2.) Plaintiff notes that under the grievance process established by the Washington State Department of Corrections, "Administrative Segregation Hearings actions and decisions" are not grievable. (Dkt. No. 33 at 8.)

Plaintiff's objection is without merit. The actions and decisions of the entity that reviewed Plaintiff's administrative segregation are not at issue here, as Plaintiff was placed in administrative segregation after the attack and for his own safety. Rather, the record establishes that Plaintiff could have filed a grievance related to correctional officers' knowledge or handling of the assault. (Dkt. No. 37 at 2.) There is no dispute that Plaintiff did not file such a grievance.

1  Plaintiff therefore failed to exhaust his administrative remedies, and dismissal of his claim
2  without prejudice is appropriate.
3      Plaintiff also argues that "disputes between Plaintiff and Defendants regarding what was
4  said" raise factual issues requiring trial. (Dkt. No. 44 at 2.) But such disputes must be addressed
5  through the prison grievance system before Plaintiff may seek relief in this Court. *See* 42 U.S.C.
6  § 1997e(a).

7  **III.    CONCLUSION**

8      For the foregoing reasons, the Court ADOPTS the Report and Recommendation of the
9  Magistrate Judge (Dkt. No. 42). This matter is DISMISSED without prejudice for failure to
10 exhaust administrative remedies as required by 42. U.S.C. § 1997e(a).
11     DATED this 2nd day of December 2011.

                                          */s/ John C. Coughenour*

                                          John C. Coughenour
                                          UNITED STATES DISTRICT JUDGE